<div style="color:red; text-align:center;">Corrected</div>

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1019V
Filed: August 12, 2019
UNPUBLISHED

| | |
|---|---|
| ASHLEY BARNETT,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus-diphtheria booster (Td)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On July 16, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the tetanus-diphtheria booster ("Td") administered on June 28, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On July 9, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On August 9, 2019, respondent filed a proffer on award of

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating petitioner should be awarded $58,208.03. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $58,208.03 in the form of a check payable to petitioner, Ashley Barnett.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ASHLEY BARNETT,               ) <br> ) <br> Petitioner,         ) <br> ) <br> v.                                      ) <br> ) <br> SECRETARY OF HEALTH   ) <br> AND HUMAN SERVICES,   ) <br> ) <br> Respondent.        ) <br> ) | No. 18-1019V <br> Chief Special Master <br> Nora Beth Dorsey <br> SPU |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 16, 2018, Ashley Barnett ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on July 9, 2019. Based on Respondent's Rule 4(c) Report, on July 9, 2019, Chief Special Master Dorsey found petitioner entitled to compensation.

### I.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $58,208.03, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$58,208.03** in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

<div style="text-align: right;">

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

  s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515

</div>

DATED:  9 August 2019

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.